UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE REMINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN MATHSON, et al.,<br><br>    Defendants. | Case No. 17-cv-02007-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF Nos. 5, 8, 15 |

Before the Court are the Motions to Dismiss filed by Defendants John Mathson, Joy Mathson, Paul Brisso, Russell Gans, Nicholas Kloeppel, Ryan Plotz, Julie Gilbride, and Mitchell, Brisso, Delaney, and Vrieze, LLP (collectively, the "Mathson Defendants"), ECF No. 5, SHN Consulting Engineers & Geologists and Jeff Nelson, ECF No. 8, and City of Eureka and Boyd Davis, ECF No. 15.[1]  The Court will grant the motions.

I.  **BACKGROUND**

   A.  **Factual Allegations**

This is an action for damages and injunctive relief under, inter alia, Federal and state environmental laws and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). ECF No. 1. The claims arise out of a dispute between two neighbors, Plaintiff Bruce Remington and

---

[1] In addition to filing their own motions to dismiss, Defendants SHN Consulting Engineers & Geologists, and Jeff Nelson filed a notice of joinder in the motion to dismiss filed by the Mathson Defendants. ECF No. 10. Defendant Morgan Randall also filed a notice of joinder in the Mathson Defendants' motion to dismiss. ECF No. 18. Defendants City of Eureka and Boyd Davis filed notices of joinder in the motions to dismiss filed by the Mathson Defendants and SHN Consulting Engineers & Geologists and Jeff Nelson. ECF Nos. 16, 17. All the motions make substantially similar arguments and seek dismissal under Federal Rule of Civil Procedure 8, and Plaintiff Remington filed a single opposition brief. ECF No. 21. Thus, the Court considers the motions together, and unless otherwise indicated, the Court's analysis applies equally to all motions.

1

Defendants John and Joy Mathson, who own adjoining land parcels in Eureka, California. ECF No. 1 at 78-79. Mr. Remington and the Mathsons' properties share a boundary of 300 feet, with Mr. Remington's property sitting below the Mathsons' property at an angle of between forty and seventy degrees. Id. at 79. The dispute began when the Mathsons had some excavation and construction performed on their property between 1998 and 2001. Id. at 78. Mr. Remington alleges that the Mathsons regraded (flattened) their land by installing large concrete blocks under it, taking about a third of an acre of soil from Mr. Remington's property, and placing the soil on top of the large concrete blocks. Id. at 78-80. One of these concrete blocks allegedly rolled downhill, causing damage to Mr. Remington's property and flattening some of his trees. Id. at 79-80.

Mr. Remington further alleges that all defendants conspired to dump large amounts of toxic and hazardous waste on his property, which they then buried and concealed by placing decaying vegetation on the dumping ground. Id. at 78. Specifically, Mr. Remington alleges that major oil companies or their subcontractors paid defendant RAO Construction Inc. to dispose of the waste, and that all defendants created a "vast Class I landfill" on Mr. Remington's property rather than properly disposing of it, in order to cut costs and increase profits. Id. at 88-94. Consequently, Mr. Remington alleges that he is owed rent for storing the buried waste, which includes car engines, car parts, car oil, construction waste, asbestos, and other materials that have discharged hazardous contamination onto his property. Id. at 95-96. Additionally, Mr. Remington alleges that he, SHN Consulting Engineers and Geologists, and "the County" have each conducted a series of tests confirming "serious water & soil contamination" that results from the waste allegedly buried on his property. Id. at 99-102.

Mr. Remington alleges that the Mathsons sought to intimidate and extort him by, among other things, training wild animals to enter and damage his property, and that defendant Gans, the Mathsons' attorney, encouraged and orchestrated this behavior. ECF No. 1-2 at 7-8. Mr. Remington also alleges that Mr. Gans "established an extortive racketeering enterprise" intended to appropriate Mr. Remington's land, destroy Mr. Remington, and destroy Mr. Remington's store – the Burl Tree. ECF No. 1-6 at 39.

### B. Procedural History and Related Cases

On April 7, 2017, Mr. Remington filed this action pro se asserting claims for alleged violations of several Federal and California laws, including the Toxic Substances Control Act ("TSCA"), the Controlled Substances Act ("CSA"), the Clean Air Act ("CAA"), the Clean Water Act ("CWA"), the Safe Drinking Water Act ("SDWA"), the Resource Conservation and Recovery Act ("RCRA"), the Comprehensive Environmental, Response, Compensation and Liability Act ("CERCLA"), the Victim and Witness Protection Act ("VWPA"), the False Claims Act ("FCA"), the RICO Act, the California Civil Code, and the California Business and Professions Code. ECF No. 1 at 1. Mr. Remington also asserts claims for private and public nuisance, continued trespass, unjust enrichment and restitution, negligence, negligence per se, tortious and intentional interference with contractual relations, damages, fraudulent intentional misrepresentation, fraudulent concealment, conspiracy, criminal conspiracy, aiding and abetting, felony vandalism and trespass, and intentional evidence spoliation. Id.

This is not the first case Mr. Remington has filed relating to his dispute with the Mathsons. He previously filed a complaint in this Court alleging essentially the same set of facts as in this case. Case No. 09-cv-4547 NJV, ECF No. 1; see also Remington v. Mathson, 42 F. Supp. 3d 1256, 1263-74 (N.D. Cal. 2012), aff'd, 575 F. App'x 808 (9th Cir. 2014). Mr. Remington asserted the following claims in that complaint: "1) CWA violation for discharges from five water point sources; 2) RCRA violation for discharge of hazardous wastes under 42 U.S.C. Section 6972(a)(1)(A); 3) RCRA violation for handling, storage, treatment, transportation or disposal of solid or hazardous waste presenting an imminent and substantial danger to health or the environment under 42 U.S.C. Section 6972(a)(1)(A); 4) CERCLA violation for discharging hazardous materials; 5) EPCRA violation for failing to report the release of hazardous substances; 6) trespass for dumping substances onto Plaintiff's property and the resulting discharge in Plaintiff's surface and groundwater; 7) nuisance resulting from Defendants' contamination of Plaintiff's property and construction of a fence partially on Plaintiff's property; 8) negligence and negligence per se from Defendants' contamination of Plaintiff's property, and from Defendant's drainage pipes." Remington, 42 F. Supp. 3d at 1258. Mr. Remington "requested a declaration

that Defendants violated the CWA, RCRA, CERCLA, and EPCRA" and that "the Court order Defendants to clean up their property and Plaintiff's property; enjoin Defendants from storing, disposing, or discharging hazardous substances; order Defendants to comply with CERCLA and EPCRA reporting requirements; impose civil penalties for CWA and RCRA violations; and enjoin other conduct by Defendants." Id. at 1258, 1280.

On March 14, 2012, the defendants filed a status report notifying Judge Vadas that the Department of Public Health of Humboldt County ("DPH") had conducted an investigation of the subject property to identify any hazardous waste and found none. Case No. 09-cv-4547 NJV, ECF No. 91 at 1-2. The DPH found "that the fill placed on the Mathsons' property does not constitute solid waste, and the County found no violation of hazardous waste statutes or regulations." Id. By Order dated March 27, 2012, Judge Vadas granted summary judgment on Mr. Remington's Federal claims. Remington, 42 F. Supp. 3d at 1280. Judge Vadas declined to retain jurisdiction over Mr. Remington's remaining state law claims and dismissed them without prejudice to Mr. Remington's assertion of those claims in state court.[2] Id.

## II. LEGAL STANDARD

Defendants move to dismiss Mr. Remington's claims under Federal Rule of Civil Procedure 8(a). This rule requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir.2011) (quoting Charles A. Wright & Arthur R. Miller, 5 Federal Practice & Procedure § 1217 (3d ed. 2010)). When a pro se plaintiff has filed a complaint, courts must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt."

---

[2] The Mathson Defendants, and defendants SHN Consulting, Engineers & Geologists, and Jeff Nelson, contend that Mr. Remington is estopped from asserting his claims in this action under the doctrines of issue and claim preclusion as a result of Judge Vadas' summary judgment order. ECF No. 5 at 5; ECF No. 8 at 8. They state in their papers that they anticipate filing a motion to dismiss under Rule 12(b)(6) and motion for sanctions under Rule 11 on this basis. As none of the defendants seeks dismissal on this ground in the instant motions, the Court need not reach this issue.

4

Hebbe v. Pliler, 627 F. 3d 338, 342 (9th Cir.2010) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985)). Nonetheless, courts may not supply essential factual elements that have not been pled. Ivey v. Bd. Of Regents, 673 F. 2d 266, 268 (9th Cir. 1982). When a court grants a motion to dismiss, it is normally required to supply pro se litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." Eldridge v. Block, 832 F. 2d 1132, 1335-36 (9th Cir. 1987). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

## III. REQUEST FOR JUDICIAL NOTICE

As an initial matter, the Mathson Defendants and defendants SHN Consulting & Engineers and Geologists, Jeff Nelson, and Morgan Randall request that the Court take judicial notice of certain orders in the prior case filed by Mr. Remington, Remington v. Mathson, Case No. 09-4547 NJV. ECF Nos. 6, 9, 18. These orders include: (1) Judge Vadas' summary judgment order; (2) judgment entered in defendants' favor and against Mr. Remington; (3) the memorandum opinion by the Ninth Circuit affirming Judge Vadas' grant of summary judgment; and (4) the mandate entered by the Ninth Circuit. Id. The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Under Ninth Circuit law, courts may properly take notice of court orders and other matters of public record. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006). Accordingly, the Court will take notice of the orders attached as Exhibits A-D to the requests for judicial notice.

## IV. DISCUSSION

Defendants contend that Mr. Remington's complaint does not include a short and plain statement showing how Mr. Remington is entitled to relief, as required by Rule 8(a). They argue that the complaint, which consists of four "volumes" and, inclusive of attachments, spans over one thousand pages, is unreasonably long, incoherent, unintelligible, and rife with vitriolic and inflammatory remarks.[3] ECF No. 5 at 2; ECF No. 8 at 2; ECF No. 15 at 2. Defendants speculate

---

[3] Defendants do not, however, seek to strike the allegations they deem inflammatory pursuant to Rule 12(f). Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or

5

that Mr. Remington's filing of this action and the allegations in the complaint are meant to intimidate and punish them for their participation in prior cases related to this dispute, including the prior Federal case and several state court actions. ECF No. 5 at 5; ECF No. 8 at 3; ECF No. 15 at 3. Defendants argue that the complaint fails to clearly articulate what claims are asserted and against whom they are asserted, making it difficult to respond to the allegations. ECF No. 8 at 7; ECF No. 15 at 5-6. Defendants further state that the complaint is illogically organized includes redundant, argumentative, and conclusory allegations. ECF No. 5 at 8; ECF No. 8 at 7; ECF No. 15 at 6. Defendants further contend that the complaint does not comply with the requirements of Rule 8(d) because each allegation in the complaint is not "simple, concise, and direct."[4] ECF No. 8 at 4.

Mr. Remington counters that the complaint is necessarily over one-thousand pages long because it includes RICO claims, which must be pled with particularity under Federal Rule of Civil Procedure 9(b). ECF No. 21 at 7. Mr. Remington notes that under this heightened pleading standard, his complaint must "provide complete details and circumstances regarding all fraudulent and alleged criminal predicate acts by at least 30-40 defendants, and other associated collusive and co-conspirator wrongdoers and potential such." ECF No. 21 at 22. Mr. Remington further argues that his fraud allegations must also be pled with particularity and identify evidentiary support for his allegations. ECF No. 21 at 7-8. Mr. Remington contends that in providing the level of detail he has in his complaint, he has actually helped Defendants by familiarizing them with the "11 years of complex details" alleged in his claims. ECF No. 21 at 18. Mr. Remington notes that Defendants have not identified any authority that would limit the number of pages he could include in a RICO complaint, and that a complaint should not be dismissed merely because it is too long. ECF No. 21 at 18.

Defendants respond that Mr. Remington's defense of his complaint "confuses length with clarity, organization, and specificity," and note that not only is the complaint unnecessarily and

---

any redundant, immaterial, impertinent, or scandalous matter.").
[4] Defendants Davis and City of Eureka contend that they were not properly served. ECF No. 15 at 3. However, neither party has moved to quash or otherwise lodged any legal challenge to service.

6

unreasonably long, but it is filled with improper and irrelevant matter. ECF No. 22 at 2; ECF No. 22 at 4.

Mr. Remington is correct that a complaint should not be dismissed merely because of its length. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) ("Verbosity or length by itself is not by itself a basis for dismissing the complaint."); see also Wynder v. McMahon, 360 F.3d 73, 80 (2d Cir.2004) (holding that district court erred in dismissing on Rule 8 grounds when the complaint, though long, was not "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised" (internal quotation omitted)); Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir.2003) ("Some complaints are windy but understandable. Surplusage can and should be ignored."). It is also true, as Mr. Remington points out, that RICO and fraud allegations must be pled with particularity. Ebeid ex rel. U.S. v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) ("'in alleging fraud or mistake,' Rule 9(b) requires a party to 'state with particularity the circumstances constituting fraud or mistake,' including 'the who, what, when, where, and how of the misconduct charged.'") (citations omitted) (internal quotation marks omitted).

However, "[a] heightened pleading standard is not an invitation to disregard's Rule 8's requirement of simplicity, directness, and clarity." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (citations omitted). "The 'particularity' requirement of a heightened pleading standard, requiring 'nonconclusory allegations containing evidence of unlawful intent,' as opposed to 'bare allegations of improper purpose,' has among its purposes the avoidance of unnecessary discovery . . . . If the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then this purpose is defeated." McHenry, 84 F.3d at 1178.

The Court finds that Mr. Remington's complaint fails to include a "short and concise" statement showing he is entitled to relief as required by Rule 8(a)(2). Mr. Remington's complaint is replete with irrelevant information. As just one example, Mr. Remington goes into considerable detail about how Ms. Melissa Martel, the Director of the Humboldt County Environmental Health

7

1 Division, has "inexplicably obfuscated, 'dragged-her-feet' and essentially has never taken

2 Remington's offensive cases . . . seriously since about 2009." ECF No. 1-2 at 36. Mr. Remington

3 dedicates at least six pages to his discussion of Ms. Martel's role in the alleged conspiracy. But

4 not only is Ms. Martel not named as a defendant in this case, but Mr. Remington admits in this

5 lengthy discussion that "most of [Ms. Martel's] decisions were to do nothing and essentially

6 condone Mathsons', RAO's, and Brisso's . . . RICO enterprise's dump and criminal behavior."

7 ECF No. 1-8 at 96. In other words, Mr. Remington has an entire section of his complaint

8 dedicated to a non-party whose role in the conspiracy was to do nothing. Mr. Remington's

9 allegations related to Ms. Martel have no apparent relevance to his underlying claims, but even if

10 they were relevant, they could have been stated in one to two sentences rather than several pages.

11 The complaint contains several similar discussions of other players that seem to have only a

12 peripheral role in the events that give rise to his claims. See, e.g., ECF No. 1-8 at 93 (describing

13 acts of non-party Gary Costa).

14 Indeed, Mr. Remington's complaint is so long and unfocused that it appears even he

15 cannot keep track of his various allegations. For example, referring to "MD's tree service," the

16 Mathsons' neighbor, Mr. Remington alleges that "there was even pedophilia rumored to be

17 emanating from that MD/Mathson vicinity." ECF No. 1-7 at 74. However, in response to the

18 Mathson Defendants' motion to dismiss, which pointed out this irrelevant and scandalous

19 allegation, Mr. Remington vigorously denied having ever made such an allegation. ECF No. 21 at

20 35 (calling the Mathson Defendants' reference to allegations concerning pedophilia to be "a total

21 and unintelligible fabrication" and requesting that the Court question Defendants under oath

22 regarding their purported mischaracterization of the allegations in the complaint).

23 Not only is the complaint unnecessarily long and filled with irrelevant information, but the

24 organization of the complaint makes it difficult to follow. The complaint consists of four

25 "volumes." Volume II of Mr. Remington's complaint spans over 118 pages, but contains no table

26 of contents. Volume II also references other volumes – some consisting of several hundred pages

27 – that do not appear to have any relevance to his claims. ECF No. 21 at 27.

28 The complaint also does not put Defendants on notice of the exact nature of Mr.

8

Remington's claims. For example, though the complaint enumerates fifteen statutory provisions that allegedly form the basis for Mr. Remington's claims, it rarely specifies the subsection that Mr. Remington alleges has been violated. See ECF No. 1 at 1, 41. Moreover, Mr. Remington does not clearly identify specific acts committed by specific defendants that give rise to his claims. Instead, the complaint makes conclusory allegations such as the following: "ALL of the named defendants committed SPECIFIC, repetitive wrongful acts against Remington which is why they are specifically named here." ECF No. 1 at 71.

Mr. Remington appears to acknowledge the flaws in his complaint. He admits that the complaint is redundant and unnecessarily long. See ECF No. 21 at 18 (describing his "700+ page RICO statement" as "somewhat redundant" and noting that it could "obviously be shortened"). He contends that he does not have the time to revise his complaint, but that "the court should remain very confident that most of the young defendant's attorneys" are capable of understanding the allegations. See id. at 23-24. He also notes that Volume II of his complaint, which is 118 pages, is a "fully and totally condensed" version of his RICO statement, so he need not revise earlier portions of the complaint. Id. at 18.

Even if it were true that Mr. Remington had provided a condensed summary of his complaint, or that Defendants and their lawyers could interpret Mr. Remington's pleading to understand the allegations, Defendants have to respond to the entire complaint, not just the portion that Mr. Remington identifies as a condensed summary. Indeed, Defendants are now are faced with the arduous task of responding to more than a thousand pages of allegations, identifying which allegations actually apply to them and admitting or denying each one. Fed. R. Civ. P. 8(b)(1)(B) (requiring defendant to "admit or deny the allegations asserted against it by an opposing party."). Requiring Defendants to do so here would be extremely burdensome, if not impossible. Cafasso, U.S. ex rel., 637 F.3d at 1059 ("Rather than straightforwardly stating her claims and allegations, Cafasso would burden her adversary with the onerous task of combing through a 733-page pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated."); In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1553-54 (9th Cir. 1994) (en banc) (finding 113-page

9

complaint to be "unwieldy to the extreme" and "cumbersome almost to the point of abusiveness," and encouraging district court on remand to "requir[e], as a matter of prudent case management, that plaintiffs streamline and reorganize the complaint before allowing it to serve as the document controlling discovery, or, indeed, before requiring defendants to file an answer.") (superseded by statute on other grounds as stated in SEC v. Todd, 642 F.3d 1207, 1216 (9th Cir.2011)). The Court will therefore grant Defendants' motion to dismiss.

While the Court is sympathetic to the plight of Defendants in having to respond to Mr. Remington's complaint, the Court is also mindful of the challenges facing pro se litigants in preparing a concise complaint that satisfies the applicable pleading standards. The Court will therefore give Mr. Remington a chance to amend his complaint to comply with the requirements of Rule 8(a). However, given Mr. Remington's own admission that he is "'hardheaded' and 'rigidly set' in his writing style," ECF No. 21 at 25, the Court is concerned that Mr. Remington will file an amended complaint that is not materially different from his original complaint. Accordingly, as requested by Defendants, the Court will impose the following reasonable constraints on the amended complaint:

(1) The complaint shall not exceed fifty (50) pages, inclusive of any exhibits;[5]

(2) The complaint should set forth each claim for relief under a separate heading that substantially complies with the following sample:

FIRST CLAIM FOR RELIEF: NUISANCE

(Against Defendants X, Y, and Z)

(3) Under each claim for relief, the complaint shall set forth all factual allegations related to the claim in a simple, concise, non-argumentative, and direct manner;

(4) The complaint should not include any character attacks or disparagement of any other party; and

---

[5] Mr. Remington argues that "cutting Remington's pleading from about 1220 pages to 40 pages would totally trash it and eliminate 97% of his allegations under Rule 9(b), and would directly lead to his voluntary dismissal of the case and an appeal." ECF No. 21 at 18. The Court disagrees. Having reviewed the complaint, the Court concludes that Mr. Remington should have no problem providing the essential facts giving rise to his claims in 50 pages or less, particularly in light of the guidance the Court provides in this Order.

(5) The complaint should identify the subsection of each statute under which it seeks

relief.

In preparing his amended complaint, Mr. Remington should consider the purpose of a complaint: to put the parties on notice of the nature of his claims. Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir. 1990) ("Courts have recognized that the main purpose of the complaint is to provide notice to the defendant of what plaintiff's claim is and the grounds upon which the claim rests."). The allegations in the complaint are not evidence, and need not meet any evidentiary standard. Though some of his claims must be pled with particularity, Mr. Remington need not prove his claims at the pleading stage.[6] See ECF No. 21 at 7-8 (Mr. Remington explaining that he included detailed allegations because many of his allegations may require proof by "clear and convincing" evidence).

Mr. Remington may wish to avail himself of the resources for pro se litigants on the Court's website, www.cand.uscourts.gov/proselitigants. Specifically, the Court encourages Mr. Remington to consult the manual "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," a copy of which may be downloaded at http://www.cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[6] For example, to establish a civil RICO claim, Mr. Remington need only allege facts showing "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007) (internal quotations and citation omitted). The facts must "'state with particularity the circumstances constituting fraud or mistake,' including 'the who, what, when, where, and how of the misconduct charged.'" Ebeid ex rel. U.S., 616 F.3d 993, 998 (9th Cir. 2010) (citations omitted) (internal quotation marks omitted). He need not, however, provide an exhaustive list of evidence he may rely on to support each element of the claim.

11

## CONCLUSION

Defendants' motions to dismiss are granted. Mr. Remington's complaint is dismissed without prejudice. Mr. Remington shall have a period of forty-five (45) days from the date of this Order to file an amended complaint in accordance with this Order.

**IT IS SO ORDERED.**

Dated: June 20, 2017

_____
JON S. TIGAR
United States District Judge