UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE REMINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN MATHSON, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-02007-JST<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>Re: ECF No. 34 |

Before the Court is Defendants' Motion for Sanctions.[1] ECF No. 34. Defendants request that the Court impose sanctions on Plaintiff Bruce Remington pursuant to Federal Rule of Civil Procedure 11(c), and award Defendants their attorneys' fees incurred as a result of the allegedly sanctionable conduct. Because the motion is premature, the Court will deny the motion without prejudice.

## I. BACKGROUND

Plaintiff Bruce Remington filed his original complaint in this action on April 7, 2017. Id. His claims arise out of a dispute with his neighbors, Defendants John and Joy Mathson, who own a land parcel adjacent to Mr. Remington's property in Eureka, California. ECF No. 1 at 78-79. Mr. Remington generally alleges that the Mathsons, Defendant Gans, and a host of others conspired to dump pollutants and waste material on his property, in violation of, among other things, Federal and state environmental laws and the Racketeer Influenced and Corrupt Organizations Act ("RICO").[2]

---

[1] The moving defendants are John and Joy Mathson, Paul Brisso, Russell Gans, Nicholas Kloeppel, Ryan Plotz, Julie Gilbride (erroneously sued as "Julie McBride"), Mitchell, Brisso, Delaney, & Vrieze, LLP (erroneously sued as "The Mitchell Law Firm"), City of Eureka, Boyd Davis, SHN Consulting Engineers & Geologists, Jeff Nelson, and Morgan Randall.

[2] The Court summarized Mr. Remington's allegations in more detail in its June 21, 2017 order granting Defendants' motions to dismiss. ECF No. 32.

Mr. Remington has filed at least three other actions related to his dispute with the Mathsons. He filed the first of these actions in Humboldt County Superior Court in 2008, asserting claims for, among other things, nuisance, trespass, violation of various pollution statutes, and negligence. See ECF No. 35 at 7-56; Remington v. Mathson (No. DR080678, Humboldt County Superior Court).

The following year, Mr. Remington filed a complaint in this Court alleging essentially the same set of facts that he alleged in his earlier state court case and that he alleges in this case. Case No. 09-cv-4547 NJV, ECF No. 1. In that case, which was before Judge Vadas, Mr. Remington asserted several claims under Federal environmental laws, including the Resource Conservation and Recovery Act, Clean Water Act, Comprehensive Environmental Response, Compensation and Liability Act, and a number of state law claims. See Case No. 09-cv-4547 NJV, ECF No. 1. On March 27, 2012, Judge Vadas granted summary judgment in favor of the Mathsons on the Federal environmental claims, generally finding no evidence to support Mr. Remington's various pollution allegations and finding Mr. Remington's opposition to the summary judgment motion to be "not fact-based" and "simple gainsaying." Remington, 42 F. Supp. 3d at 1280. Judge Vadas declined to retain jurisdiction over Mr. Remington's remaining state law claims and dismissed them without prejudice to Mr. Remington's assertion of those claims in state court. Id. That judgment was affirmed by the Ninth Circuit on May 28, 2014. Remington v. Mathson, 575 F. App'x 808 (9th Cir. 2014).

In June 2014, Mr. Remington filed yet another action against the Mathsons in Humboldt County Superior Court, asserting claims for nuisance, trespass, civil conspiracy, intimidation, and fraudulent concealment. ECF No. 34-10 at 2. That matter is currently stayed pending resolution of the 2008 state court action. Id.

Mr. Remington's 2008 state court case had been stayed pending appeal of his earlier Federal case, but the stay was lifted after the conclusion of the Ninth Circuit appeal. In a pre-trial order on the Mathsens' motion in limine, the Superior Court precluded Mr. Remington from introducing evidence related to the Federal claims on which Judge Vadas previously granted summary judgment. ECF No. 35 at 166. That left only two issues remaining – "whether the clean

fill placed by the Mathsons in 1998 as part of a backyard landscaping project constituted a trespass or nuisance and whether Mr. Remington's claims were time-barred by applicable statute of limitations periods." ECF No. 34 at 8. The Superior Court bifurcated trial on these two issues, and, in August 2016, conducted a jury trial on the Mathsons' statute of limitations defense. See id. at 176. The jury found in favor of the Mathsons. Id. Following a failed attempt by Mr. Remington to disqualify the trial judge, the Superior Court entered judgment in favor of the Mathsons in April 2017. ECF No. 34 at 9.

In May 2017, Defendants moved to dismiss Mr. Remington's complaint in this case under Federal Rule of Civil Procedure 8(a). ECF Nos. 5, 8, 15. By order dated June 21, 2017, the Court granted the motions and dismissed Mr. Remington's claims without prejudice. ECF No. 32. The Court granted Mr. Remington leave to file an amended complaint consistent with Rule 8(a) and the guidance the Court provided in the order. Id. at 10-12. On August 7, 2017, Mr. Remington filed his first amended complaint. ECF No. 52.

## II. REQUESTS FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of a number of court documents from Mr. Remington's related actions Humboldt County Superior Court and Mr. Remington's prior case before Judge Vadas of this Court. ECF No. 35 at 3-4. Plaintiff Remington requests that the Court take judicial notice of what he describes as "24 state court pleadings from active state case DR 080678." ECF No. 45 at 2. However, Exhibits 3, 9, 16, and 17 to Mr. Remington's Amended Request for Judicial Notice are not court filings or orders. Exhibit 3, a document entitled "REMINGTON v. MATHSON CASE PRINCIPLES, FEBRUARY 2017," is a numbered list of Mr. Remington's observations about his state court cases. ECF No. 41-1. Exhibit 9 is a news article about arson at a home in Eureka, but the article does not appear to relate to either Mr. Remington or any other party to this case. ECF No. 49-4 at 51. Exhibit 16 is an email from Mr. Remington to a third party related to an advertisement he posted on the www.craigslist.com seeking information about purported "corruption" and "irregularities against litigants" at the Humboldt County Courthouse. ECF No. 49-5 at 42. Exhibit 17 is an excerpt from a Wikipedia article about logical fallacies. Id. at 44.

3

The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under Ninth Circuit law, courts may properly take notice of court orders and other matters of public record. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006). Moreover, "documents publicly filed in [a] prior suit are proper subjects of judicial notice"). Chrisanthis v. United States, No. C 08-02472 WHA, 2008 WL 4848764, at *1 (N.D. Cal. Nov. 7, 2008).

The Court will take notice of the publicly filed orders and pleadings attached as Exhibits 1-10 to Defendants' Request for Judicial Notice, ECF No. 35, and the orders and pleadings attached as Exhibits 1-2, 4-8, 10-15, and 18-22 to Mr. Remington's Amended Request for Judicial Notice, ECF No. 45. However, the Court will not take notice of any disputed facts in these documents. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001). The Court denies Mr. Remington's request to take judicial notice of Exhibits 3, 9, 16, and 17 to his Amended Request for Judicial Notice. Not only are these documents not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), but they have no conceivable relevance to the instant motion.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). "If, after

4

notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule . . . ."[3] Fed. R. Civ. P. 11(c).

Under Rule 11, "[f]rivolous filings are 'those that are both baseless and made without a reasonable and competent inquiry.'" Estate of Blue v. Cty. of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997) (quoting Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir.1997)). "When a reasonable investigation would reveal that a claim is barred by res judicata or collateral estoppel, for example, Rule 11 sanctions may be imposed within the district court's discretion." Id.

Pro se plaintiffs are equally subject to Rule 11's mandates and sanctions as represented parties. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir.1994); see also Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir.1986) ("That his filings are pro se offers [plaintiff] no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). However, "the [Rule 11] analysis is slightly different where . . . a plaintiff proceeds pro se, since 'arguments that a lawyer should or would recognize as clearly groundless may not seem so to the pro se [litigant].'" Coleman v. Teamsters Local 853, No. 12-05981 SC, 2013 WL 3790900, at *2 (N.D. Cal. July 18, 2013) (quoting Pryzina v. Ley, 813 F.2d 821, 823–24 (7th Cir.1987)).

"Under the plain language of the rule, when one party files a motion for sanctions, the court must determine whether any provisions of subdivision (b) have been violated." Warren, 29 F.3d at 1390. If Rule 11(b) was violated, the court "may" impose sanctions. Id. at 1390. A court cannot decline to impose sanctions where a violation has occurred "simply because plaintiff is proceeding pro se." Id. Nor can a court simply assert, without analysis, that it "declines to impose sanctions." Id. "If it decides not to impose sanctions, some reasoned basis for deciding not to do

---

[3] Rule 11 has a safe harbor provision requiring a party seeking sanctions under Rule 11 to serve a copy of the motion on the non-moving party at least 21 days before filing the motion, so that "the challenged paper, claim, defense, contention, or denial [may be] withdrawn or appropriately corrected . . . ." Fed. R. Civ. P. 11(c)(2). Though Defendants acknowledge this requirement, ECF No. 34 at 18-19, they do not provide any evidence that they served the motion on Mr. Remington 21 days before filing. As Mr. Remington does not object on this basis, and given that the Court denies the motion on other grounds, the Court does not address the safe harbor provision.

5

1  so is required to make appellate review meaningful." Id.

2  "The time when sanctions are to be imposed rests in the discretion of the trial judge.
However, . . . in the case of [Rule 11 motions based on] pleadings the sanctions issue under Rule
11 normally will be determined at the end of the litigation . . . ." 1983 Adv. Comm. Note, Fed. R.
Civ. P. 11.

## IV. DISCUSSION

Defendants request that the Court impose sanctions under Rule 11 because: (1) "Mr. Remington's [original] complaint is replete with claims and allegations previously decided in the initial District Court Action" before Judge Vadas; (2) "Mr. Remington improperly is using this Court to collaterally attack the judgment entered in the Superior Court on April 4, 2017"; (3) "[t]he accusations of criminal conduct [in Mr. Remington's original complaint] have no evidentiary support whatsoever"; and (4) Mr. Remington has filed this action for an "improper purpose," as evidenced by the length of the original complaint, "personal insults," and "express attempts to intimidate defendants." ECF No. 34 at 18-23.

Defendants submit numerous affidavits disputing allegations in Mr. Remington's original complaint and stating the affiants' opinions that Mr. Remington has filed this action for an improper purpose. See, e.g., ECF No. 34-2 (Declaration of Cyndy-Day Wilson) at ¶ 4 ("I believe that I, along with the City of Eureka and Boyd Davis, the former city attorney, have been sued by Mr. Remington solely out of frustration with the final judgment entered against him for the same exact claims he is making in the present action."); ECF No. 34-8 (Declaration of Morgan Randall) at ¶ 5 ("I firmly believe that I am a defendant in Mr. Remington's new lawsuit solely because I was disclosed as a percipient witness and in order to threaten and intimidate me for agreeing to serve as a witness, as is self-evident from Mr. Remington's letter."); ECF No. 34-10 (Declaration of Russell Gans) at ¶ 9 (describing RICO allegations against him and his firm as "complete and utter fabrications by Mr. Remington"); ECF No. 34-11 (Declaration of Ryan T. Plotz) at ¶ 7 ("These baseless allegations appear to be made against me as a direct result, and in retaliation of, [] my participation in the defense of the claims asserted against John and Joy Mathson in prior lawsuits.").

Mr. Remington counters that "this is a valid, legally tenable and evidentiary [sic] sustainable lawsuit filed in good faith." ECF No. 36 at 2. He notes that Defendants only deny a small portion of his allegations, suggesting that they cannot deny the remainder of his allegations. See id. at 3, 5. Mr. Remington argues that Judge Vadas did not consider all the evidence or fully resolve issues related to his Federal environmental claims, and therefore he is not barred from asserting the same claims in this case. Id. at 7. Mr. Remington acknowledges that discovery in this case may "reveal some overzealous errors or exaggerations in the original pleadings," but pledges to make "adjustments" to the pleadings as necessary. Id. at 10. He notes that litigation can be challenging for him as a pro se litigant with no legal training. Id. at 11-12.

The Court finds that Defendants' motion is premature, and on that basis will deny the motion without prejudice to refiling at a later time. First, Defendants' motion is based on the allegations in Mr. Remington's original complaint, which the Court dismissed without prejudice. On August 7, Mr. Remington filed an amended complaint, which is not only under the 50-page limit the Court imposed, but appears to omit at least some of the impertinent discussion identified in the Court's order dismissing the original complaint.[4] ECF No. 32 at 10-11 (providing guidelines for amended complaint, directing Mr. Remington to refrain from "character attacks or disparagement of any other party"). Given that Mr. Remington just filed a new complaint and Defendants have yet to file a response, "a determination as to whether [Mr. Remington's] claims are so legally or factually baseless as to warrant the imposition of sanctions is premature."[5] Rodriguez v. Service Employees Int'l, No. C-10-01377 JCS, 2010 WL 3464365, at *2 (N.D. Cal. Sept. 1, 2010); see also Wingle v. U.S., No. CV-F-05-160RECLJO, 2005 WL 2604184, at *5 (E.D. Cal. Oct. 13, 2005) ("To the extent that the United States is arguing that Rule 11 sanctions should be granted because the Amended Petition does not state a claim upon which relief can be

---

[4] The Court expresses no opinion as to whether the amended complaint remedies all of the defects identified in the Court's June 21, 2017 order, ECF No. 32.
[5] Though not dispositive, the fact that Mr. Remington is appearing pro se in this action further counsels against the imposition of sanctions. Coleman, 2013 WL 3790900 at *2 ("the [Rule 11] analysis is slightly different where . . . a plaintiff proceeds pro se, since 'arguments that a lawyer should or would recognize as clearly groundless may not seem so to the pro se [litigant].'"). Mr. Remington should be given an opportunity to remedy the defects in his original complaint in light of the guidance the Court provided in its dismissal order.

7

granted, the United States has not moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6). Although imposition of Rule 11 sanctions may be appropriate at some later date, the court concludes that a request for Rule 11 sanctions on the ground that the Amended Petition does not state a claim upon which relief can be granted is premature.").

Second, resolving the merits of Defendants' sanctions motion would require the Court to make substantive factual and legal determinations that it cannot make based on the limited record before the Court. For example, Defendants contend that many of Mr. Remington's claims are frivolous because they attempt to re-litigate issues that have already been resolved in prior litigation.[6] But since Defendants have not filed a motion to dismiss or for summary judgment on the basis of claim preclusion, the parties have not fully briefed this issue. Similarly, Defendants contend that there is no support for many of Mr. Remington's factual allegations, and attach evidence in the form of affidavits from witnesses purportedly contradicting Mr. Remington's allegations. In requesting sanctions based on these allegations, Defendants ask the Court to make factual findings as to the truthfulness of the allegations in a now-obsolete complaint based on an incomplete record. The Court declines to make these important factual and legal determinations upon a motion for sanctions at this early stage in the case, particularly now that there is a new operative pleading. See Bighorn Capital, Inc. v. Security Nat'l Guaranty, Inc., No. C 15-03083 SBA, 2015 WL 9489897, at *4-5 (N.D. Cal. Dec. 29, 2015) (denying motion for sanctions as premature, noting "'[a]lthough dismissal of baseless claims is theoretically available under Rule 11,' a dispositive motion (e.g., for judgment on the pleadings) is a more appropriate vehicle to test the legal sufficiency of a cause or causes of action.") (quoting In re New Motor Vehicles Canadian Exp. Antitrust Litig., 224 F.R.D. 70, 74 (D. Me. 2007)); see also Ridder v. City of Springfield, 109 F.3d 288, 295 (6th Cir. 1997) (noting that under Rule 11 as amended in 1993, "[o]nce a motion is properly filed with the court, the drafts prudently permit the court to defer ruling on the sanctions motion until after the final resolution of a case.").

---

[6] Mr. Remington asserts in this case RICO claims that he has not asserted in his previous actions. Thus, even if Defendants succeed in establishing that some of Mr. Remington's claims are precluded based on determinations in prior proceedings, Mr. Remington may still be able to proceed on his other claims.

8

The Advisory Committee notes to Rule 11 state that "in the case of [Rule 11 motions based on] pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation . . . ." 1983 Adv. Comm. Note, Fed. R. Civ. P. 11. The Court finds nothing unusual in this case that would justify departing from this general rule.

That is not to say that sanctions may not be appropriate later in the case. Nor should the Court's decision to deny the motion for sanctions at this time be interpreted as an approval of Mr. Remington's litigation conduct or an acknowledgment that Mr. Remington's claims have merit. Indeed, as noted in the Court's order on Defendants' motions to dismiss, Mr. Remington's original complaint was inordinately long and filled with irrelevant information and unsubstantiated personal attacks on Defendants. Mr. Remington's opposition to this motion was similar in style to his original complaint, with unnecessary digressions about his education and careers chosen by his classmates, roommates and daughter. ECF No. 36 at 20. The opposition also includes scandalous accusations about "voyeurism" and "peeping" by Mr. Mathson that appear to be neither relevant or supported by any evidence. ECF No. 36 at 13, 20. Mr. Remington also attached a 70-page declaration in support of his opposition, which not only needlessly burdened Defendants and the Court, but circumvented the page limits set by the Court's local rules. The Court advises Mr. Remington going forward to ensure that any future submissions to the Court are concise and focused on the merits of his claims, and comply with the Court's local rules.

**CONCLUSION**

Defendants' motion for sanctions is denied without prejudice.

**IT IS SO ORDERED.**

Dated: August 9, 2017

_____
JON S. TIGAR
United States District Judge

9